## No. 6191.

### John S. Compton et al. vs. W. L. Sandford.

It is clear from the record and the judicial admissions of defendant that the property seized as belonging to the father of plaintiffs, belonged to their mother. Whether she subsequently transferred the title thereto to her husband or not, is not important, as such a transfer would have been an absolute nullity. Husbands and wives are forbidden from contracting with each other, except for specified purposes. The mortgage given by the husband to secure his debt on the property of his wife, can not be enforced.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. J. Bowman*, for plaintiffs and appellees. *T. C. Manning*, for defendant and appellant.

Ludeling, C. J. The plaintiffs enjoin the sale of certain lands seized under execution as the property of their father; they allege that the property belongs to them, having inherited the same from their mother.

The defendant alleges that the property belongs to his judgment debtor. He denies that the lands belonged to the plaintiffs' mother at the time of her death. He alleges that the judgment rendered May, 1869, re-establishing the title of Mrs. Compton was only an incomplete statement of the record pertaining to this tract of land; that subsequent to the sale and deed of the sheriff to Mrs. Compton she reconveyed to her husband the title to said lands long before the death of Mrs. Compton.

It is clear from the record and the judicial admissions of defendant that the property belonged to the mother of plaintiffs, and whether she subsequently transferred the title thereto to her husband or not is not important, as such a transfer would have been an absolute nullity.

Husbands and wives are forbidden from contracting with each other, except for certain specified purposes. C. C. 1884; 14 An. 604; 18 An. 37.

The mortgage given by the husband to secure his debt on the property of the wife can not be enforced.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.

Rehearing refused.