(78 South. 444)

No. 22186.

MARKS v. LOEWENBERG et al.

(Oct. 30, 1916. On the Merits, April 1, 1918.)

*(Syllabus by the Court.)*

1. COURTS ⬤⟹224 (11) — LOUISIANA SUPREME COURT—APPELLATE JURISDICTION—AMOUNT.

The Supreme Court has appellate jurisdiction in all cases where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed $2,000.

On the Merits.

2. HUSBAND AND WIFE ⬤⟹36½, 45 — CONTRACTS—STATUTE.

Save in so far as it may have been modified by Act No. 94 of 1916, the law of Louisiana prohibits all contracts between husband and wife, unless expressly excepted, including those which may be entered into whilst the parties are temporarily in another jurisdiction; and a contract between a husband and wife, domiciled in this state, but temporarily sojourning in another state, whereby the wife conveys her paraphernal property to her husband, to be by him held in trust for the benefit, and during the life, of a third person, is within that prohibition.

3. TRUSTS ⬤⟹4—CONTRACT CREATING TRUST —ENFORCEMENT.

Apart from the incapacity of the parties, such a contract, having for its purpose the establishment of a trust estate, is prohibited and unenforceable in this state.

4. EVIDENCE ⬤⟹448—PAROL EVIDENCE—BEQUEST OF ANNUITY.

Whilst oral testimony may not be admissible to show that the bequest of an annuity means anything other than the language used fairly imports, it may be admissible in order to enable the court to determine some outside question, as whether an annuity previously allowed to the same beneficiary was intended to be merely secured and continued by means of the bequest, or doubled.

---

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Sallie Marks against Mrs. Bertha Loewenberg and others. Judgment for plaintiff, and defendants appeal. Motion to dismiss appeal denied, and judgment appealed from annulled, and judgment rendered for defendants rejecting the plaintiff's demands.

Felix J. Dreyfous and Alfred D. Danziger, both of New Orleans, for appellants. Solomon Wolff, of New Orleans, for appellee.

## On Motion to Dismiss Appeal.

SOMMERVILLE, J. [1] The plaintiff moves to dismiss the appeal taken by the defendant on the ground:

"That the amount in controversy in the instant case is, on the face of the transcript, less than $2,000."

Plaintiff alleges in her original petition that the defendants refuse to pay her the sum of $258, and that they further deny to recognize your petitioner's rights in the premises. She also alleges a contract between her and the mother of the defendants, now deceased, whereby she was to receive the sum mentioned semiannually during the remainder of her natural life; and, further, that the said deceased had, in her last will, made a bequest in her favor, directing that $13,500 be invested out of the funds of her estate; and that her heirs pay plaintiff the revenues derived from such investment during her, the plaintiff's life; and she prays for judgment accordingly. In a subsequent petition, she alleges that she was 60 years of age, and that under the standard tables of life expectancy she had a life expectancy of 13.27 years, during which time the annuity mentioned in the preceding paragraph will be due her annually, making a total of $7,414.92, and she asks that the defendants be required to give her a proper bond in the premises. Subsequently, she moved to correct an error, when she stated that she was 60 years of age, alleging that she was really 70 years of age, and that her life expectancy was only nine years, and the amount involved was $4,644.

There is no error alleged in the above computation, and there is judgment of the district court based on the amount last mentioned.

A mere statement of the case shows that this court has jurisdiction.

Motion to dismiss the appeal is denied.

## On the Merits—Statement of the Case.

MONROE, C. J. This action is brought against the children and heirs of Mr. and Mrs. Samuel Loewenberg by the stepmother of Mrs. Loewenberg, to enforce certain alleged obligations which are said to have devolved upon the defendants by reason of their having gone into possession of the estates of their parents.

The acts and circumstances from which the litigation has arisen may be stated, from the record, as follows:

Marcus A. Marks, the father of Mrs. Loewenberg, lived in New York, and, dying there in 1894, left a will whereby he put part of his estate in trust to be so held until his youngest child should attain majority, and named his wife (plaintiff herein), Aaron M. Marks, and Samuel Loewenberg as his executors and trustees. The affairs of the estate appear to have been settled and the trust fund to have passed into the hands of the trustees in January, 1896, and thereafter in anticipation of the distribution of that fund, Mr. and Mrs. Loewenberg, who were temporarily in New York, executed a written instrument reading, in part, as follows:

"Agreement made this thirteenth day of October, 1905, between Rosa Loewenberg and Samuel Loewenberg, her husband, of the city of New Orleans, state of Louisiana, parties of the first part, and Samuel Loewenberg in his capacity as trustee hereunder, party of the second part."

Then follows a preamble, reciting that Rosa Loewenberg is the daughter of Marcus A. Marks, deceased; that Marks died leaving a will which had been admitted to probate, and whereby the persons mentioned had been named as executors and trustees and had qualified as executors; that their accounts in that capacity had been allowed, passed, and judicially settled; that they had been dis-

charged as executors, had been directed to hold the balance of the estate as trustees, and had so done; that the youngest child was to attain majority in December, 1905; and that:

"The said parties of the first part hereto are desirous of creating a trust fund, to be composed of the interest of the said Rosa Loewenberg in the estate of the said Marcus A. Marks, of whatsoever nature said interest may be, for the benefit of the said Sally Marks, during her life.

"Now, therefore, this agreement witnesseth that, in consideration of the premises and of one dollar by each party hereto to the other in hand paid, and of the love and affection which the said parties of the first part have for the said Sally Marks, and in consideration of the agreement of the second party to act as trustee thereunder; it is agreed as follows:

"First. That the said Rosa Loewenberg, her said husband joining with her for greater assurance of title to the trustee hereinafter named, hereby grants * * * and conveys unto the said party of the second part and unto his successors all of her right, title and interest in and to any part or portion of the said estate of the said Marcus A. Marks, howsoever the same may be derived, and in and to the fund now held in trust by the said Sally Marks, Aaron A. Marks and Samuel Loewenberg under the last will and testament of the said Marcus A. Marks, in trust, nevertheless, to hold, receive, invest, reinvest and collect the rents, issues and profits thereof, and, after deducting all expenses of administration of the said trust, including compensation of the said trustee, as hereinafter stated, to pay quarterly the net income received therefrom to the said Sally Marks during the term of her life, or so long as she remains the widow of the said Marcus A. Marks, and, upon her death, to pay over and distribute the principal of said fund and any income which has then accrued but has not been disbursed, to the said Rosa Loewenberg, or to her heirs, executors, administrators or assigns."

And then follow further stipulations authorizing the trustee to dispose of any and all property coming into his hands and reinvest the proceeds as he may deem advisable, binding the parties of the first part (meaning himself and his wife) to convey to him, at his request, "any property which shall compose a part of the estate of the said Marcus A. Marks, or which shall be held pursuant to the trust created by his will at the time that his youngest son becomes twenty-one years of age and during the lifetime of the said Sally Marks," authorizing the executors and trustees of said Marks to transfer to him any property that may be held by them; and "each for herself and himself," granting, selling, conveying, etc., all of their and each of their right, title and interest in and to certain described real estate in Kings county, N. Y. The share of Mrs. Loewenberg in the fund to be distributed amounted, as thereafter ascertained, to $8,787.36, from which her husband, as trustee, appears to have derived a net annual income of $516, which he paid to Mrs. Sally Marks, in semiannual installments of $258, until his death, on December 12, 1907; after which it was paid by Mrs. Loewenberg (who, with the heirs of the decedent, was put in possession of his estate, she, as widow in community, legatee of the disposable portion and usufructuary, and they, subject to her usufruct) until her death, in (probably) the early part of 1915. Shortly after that event, her children and heirs caused to be admitted to probate the last will of the decedent, which, with certain dispositions in favor of the proponents, contains the following:

"I direct that thirteen thousand five hundred dollars be invested, out of the funds constituting my estate, in bonds of the city of New Orleans, or other bonds of equal merit, which shall be registered in the name of my three children, but the revenue thereof shall go to my step mother, Mrs. Sallie Marcus Marks, during the term of her natural life, as an annuity."

And, the will having been ordered to be executed, there was judgment sending the heirs into possession of the estate in accordance with its terms, which was followed, a few days later, by the institution of this suit, in which plaintiff, admitting, in effect, that defendants are ready to pay the annuity contemplated by the will of their mother, complains that they refuse to continue that provided for by the deed of trust, alleging that Mrs. Loewenberg incurred that obligation by going into possession of the estate of her husband, including the trust fund of $8,-

687.36, and that defendants became similarly bound by going into possession of her estate. The prayer of the petition is for a judgment: (1) For $258, with interest from July 1, 1915; (2) recognizing her right to a like amount upon the 1st days of January and July of every year during her life; (3) ordering defendants, within a term to be fixed, to give security for the payment of her claim against them as follows:

"Value of annuity on bequest of $13,500.00 is $3,493.07. Value of annuity on trust fund of $8,687.36 is $4,644.00—being a total of $8,137.-07, plus 25 per cent. is $10,171.34; and, failing to do so, within the period to be fixed by the court, that the ex parte judgment rendered herein on July 23, 1915, putting the heirs in possession, be set aside and an administrator of the said succession be appointed to administer the affairs of the estate, according to law."

Upon the filing of the petition, an order nisi was made requiring the defendants to show cause on a day fixed why they should not give security in the sum of $10,171.34, as prayed for; and thereupon they filed an exception of estoppel, another to the proceeding by rule, another of no cause of action, and still another to the jurisdiction of the court, which having been overruled, they were ordered to give the security as prayed for, within seven days, or, failing to do so, plaintiff was authorized to take such proceedings as the law allows. From that judgment defendants were allowed a suspensive appeal, and brought up the appeal in the transcript No. 21,637, though the order of appeal appears to have been subsequently restricted to so much of the judgment as required the giving of the security, and, in the meanwhile, at the suggestion of plaintiff's counsel, the amount of security required appears to have been reduced to $5,805.00. Defendants then filed their answer, in which they admit that payments were made to plaintiff, as alleged in the petition, but deny that they were made in connection with any trust estate or legal obligation on the part of their mother; and allege that she and they were informed and believed that all obligations which formerly rested upon their mother, under any agreement with plaintiff, were discharged at the time of the settlement of the estate of Marcus Marks. They deny that their mother "accepted" the alleged trust, that she intended to administer the same, or that it was supported by any consideration; and aver that, as they believe that the payments made by her were intended as gratuities, and they have undertaken to carry into effect the provision of her will upon that subject, that, not only was the so-called trust agreement abrogated, as shown in the succession proceedings of Marcus Marks, and especially by the discharge of the executor, but, should the court find otherwise, then, in the alternative, that it was not enforceable under the law of this state.

"Respondents further aver that their mother, * * * not only continued to make the semiannual payments of $258, in order to provide for plaintiff herein (her stepmother) during her life, but, at the time of the making of her said last will, the said Mrs. Loewenberg incorporated therein the provision above referred to, * * * so as to continue to provide for the said Mrs. Marks, after the death of the said Mrs. Loewenberg; that the said provision was intended by the said Mrs. Loewenberg to be in lieu of, and to supplant, the payments which Mrs. Loewenberg had been in the habit of making up to the time of her death, and it was her will and intention that her heirs, * * * defendants herein, should continue to make payments to plaintiff herein semiannually; that the said executrix, carrying out that intention, figured that the income derived from an investment in bonds to the extent of $13,500 would equal, as closely as could be calculated, the said semiannual payment of $258; that the attempt of plaintiff to recover not only the amount mentioned in the said will, but also the $258 semiannually is in bad faith."

They further, and in the alternative (should it be held that plaintiff is entitled to judgment for said payments), allege and plead that the bequest in favor of plaintiff, as contained in the will of their mother, constitutes a fidei commissum under the law of this state, is void, and should be regarded as not written; that it is their desire to con-

tinue to carry out the wishes of their mother, as expressed in her will; but that, if the claim here asserted by plaintiff be sustained, they would be called on to pay her, approximately, twice the amount that their mother intended that she should receive.

They aver that, under no circumstances, can plaintiff recover a specific amount, even though the alleged trust agreement be sustained; her remedy in such case being an action for an accounting with respect to the revenue derived from the investment of $8,687.36.

On the trial in the district court, defendants offered to prove, by the notary who drew Mrs. Loewenberg's will, certain statements made by her, on some previous occasion, and the court having ruled that the objections thereto, urged by plaintiffs, should go to the effect the testimony was admitted, and, so far as it need be here considered, reads as follows:

"Mrs. Loewenberg stated to me that she had been in the habit of remitting an allowance twice a year to her stepmother of certain sums of money, and she desired that after her death this allowance should be perpetuated, as long as her stepmother lived; and I was asked in what manner it best could be done in such a way as to insure the payment of that semiannual allowance. It was then that I advised her * * * that the surest way would be to provide in her will for the purchase of a sufficient number of bonds, advising constitutional bonds, * * * the revenue from which would equal the amount of that semiannual allowance, the bonds to be registered, so as to prevent their salability, with the instructions that the income from those bonds should be forwarded, semiannually, to her stepmother. I figured out the amount—the principal of the bonds—that would yield an amount equal to the sum she remitted to her stepmother, semiannually. That satisfied her, and, by appointment, she subsequently came to the office and dictated to me the clause in the will which corresponded to the advice I had given her. * * *

"(Cross-Ex.) Q. You have testified that you were thoroughly familiar with the intentions of the testatrix? A. Yes, sir. Q. And, those intentions you expressed to the best of your ability? A. Yes, sir. * * * I didn't know Mrs. Loewenberg had obligated herself to do anything with reference to the payment to Mrs. Marks, her stepmother, or the existence of any deed of trust, or anything that would bind her to the payment, semiannual payment, to her mother. I knew she made the payment annually."

Included with other documents offered by plaintiff, on the day of the argument, was an instrument bearing even date with the deed of trust, acknowledged by plaintiff before the same notary and recorded at the same time, in which plaintiff makes the following declaration, to wit:

"In consideration of the love and affection for all persons hereinafter named, and also in consideration of the execution and delivery by Aaron M. Marks and Sarah H. Marks, his wife, Lillie Baumgart and Isidore Baumgart, her husband, Mollie Herrman and Julius Herrman, her husband, Morris Marks, Agnes Liberman and Bernard Liberman, and David Marks, of a certain agreement or trust deed, bearing even date herewith, and of the execution and delivery of Rosa Loewenberg and Samuel Loewenberg, her husband, of a certain other agreement or trust deed, of even date herewith, under the provisions of which agreements or trust deeds, respectively, trust funds are established, the income from which is to be paid to me during the term of my life, I have granted, * * * conveyed * * * and do, by these presents, grant * * * convey * * * *" (to the parties above mentioned, naming them) "all my interest * * * in and to any part, or portion of the estate of the said Marcus A. Marks, deceased, including all dower right or thirds or other similar right or estate."

And there are further declarations, the purpose of which is to make more specific the grant or conveyance thus expressed.

## Opinion.

Plaintiff was the sole party to the instrument last above quoted, and there is no pleading or evidence in the record which connects any one else with it. It is not alluded to in her petition, or in the deed of trust which is made part of the petition and which contains the recital that the accounts of the executors of Marcus Marks were "allowed, passed and judicially settled" by a decree of the Surrogate's Court of Kings county, N. Y., of date February 17, 1896; that Loewenberg and his wife "are desirous of creating a trust fund, to be composed of

her interest in her father's estate" for the benefit of Mrs. Sallie Marks; and that, in consideration of the premises and of one dollar, paid by each to the other, and of their love and affection for Mrs. Marks, they do create such a fund, etc.

[2] If objected to, the instrument must necessarily have been excluded, and, having been admitted without objection, it can be given no effect, for the reason that it is an ex parte affair of which neither defendants nor their parents are shown to have had any previous knowledge. Dismissing it from further consideration, we find several insuperable obstacles to the recovery here sought by plaintiff, to wit:

1. She bases her claim upon a contract between husband and wife who were domiciled in Louisiana and whose relations towards each other, not only when at home but when temporarily in another jurisdiction, were governed by the law of their domicile, which law (save in so·far as it may have been modified·by Act 94 of 1916, p. 212) prohibits all contracts between husband and wife, unless expressly excepted, and the contract in question is not included in any exception to which our attention has been called. C. C. arts. 1790, 2446; Le Breton v. Nouchet, 3 Mart. (O. S.) 70; Augusta Ins. Co. v. Morton, 3 La. Ann. 417; Robert v. Wilkinson, 5 La. Ann. 372; Compton v. Sanford, 28 La. Ann. 237; Burns v. Thompson, 39 La. Ann. 378, 1 South. 913.

[3] 2. Apart from the incapacity of the parties, the contract, having for its purpose the creation of a trust estate, is prohibited and unenforceable in this state. C. C. art. 1520; Heirs of Henderson v. Rost, 5 La. Ann. 461; Succession of Franklin, 7 La. Ann. 395:

"Fidei commissa, the trusts of the English law," said this court in Partee, Trustee, v. Succession of Hill, 12 La. Ann. 767, "cannot be created in Louisiana and enforced in our courts." Perin v. McMicken's Heirs, 15 La. Ann. 154.

See, also, Succession of Beauregard, 49 La. Ann. 1176, 22 South. 348; Succession of Ward, 110 La. 75, 34 South. 135; Succession of Herber, 128 La. 115, 54 South. 579; Succession of Pleasants, 130 La. 277, 57 South. 923.

[4] 3. The testimony of the notary, as to the statements made to him by Mrs. Loewenberg, and the advice given by him, was admissible, we think, for the purpose for which it was offered; that is to say, not to defeat the bequest, or to affect the interpretation of the language in which it is framed, but to aid in the determination of the question whether, in view of the annuity thus provided for, it was the intention of the testatrix that the annuity which she had been allowing, during her life, should thereby be continued, after her death, or doubled. Considering that testimony, in connection with all the circumstances disclosed, and with the fact that no reason is suggested why the amount originally determined upon should have been increased, our conclusion is that the bequest was intended merely to secure the payment of the annuity which plaintiff had been receiving, and, no doubt, expected to receive during her life.

As defendants have expressed the desire to carry into effect the wishes of their mother, as stated in her will, and as their attack upon the legality of her bequest in favor of the plaintiff is made only as an alternative, should the court sustain the deed of trust, we find it unnecessary at this time, to enter upon the consideration of the merits of that attack. We find in the record a motion and order "that the record No. 21,637 * * *" (being the record of the appeal from the judgment on the exceptions and the rule requiring security) "be used in and consolidated with the record herein, under the No. 22,186"; but, as the briefs of counsel bear only the number last mentioned and contain no reference to the matters brought up by the first appeal, we pretermit their present con-

sideration, without prejudice to the right of the litigants, or either of them, to have them hereafter determined.

For the reasons thus assigned, it is ordered and decreed that the judgment rendered June 19, 1916, and signed June 30, 1916, herein appealed from, be annulled, and that there now be judgment for defendants, rejecting the demands of the plaintiff at her cost in both courts.