LAND, J.
Breazeale & Breazeale, attorneys for the defendant, were sued with her as sureties, but the suit as to them was dismissed on an exception of no cause of action.
Plaintiff appealed, and the case was filed and docketed in this court under No. 21487, 74 South. 702, ante, p. 81.
The case as against the other defendant, Mrs. Guillot, was tried on its merits, and judgment was rendered in favor of the defendant. Plaintiff appealed, and the ease *87 was filed and docketed in this court under No. 21844.
In case No. 21487 the judgment has been affirmed by this court.
As the petition, which is quite lengthy, is set forth in substance in our opinion in that case, repetition here would serve no useful purpose.
Plaintiff sued his wife on a contract made between them, and reduced to writing and signed by their respective attorneys on September 10, 1914.
The contract stipulated that the defendant should resume the administration of her separate property on January 1, 1915; that there should be a legal dissolution of the community at the instance of the wife, and without resistance on the part of the husband after January 1, 1915; that the husband should have returned and paid to him the sum of $5,000, a manual gift made by his wife to him immediately preceding their wedding; that the community should be settled after January 1, 1915, on the report of an expert accountant, after an investigation by him of the condition of the community existing between the “husband and wife,” being assisted in arriving at a valuation of the improvements put on the separate property of the wife by two appraisers, one selected by the husband, and the other selected by the wife, the two to call in an umpire in case of disagreement, and on the basis of such a report, the wife was to take over and acquire the community interest, assuming all obligations and acquiring all assets, by paying the husband 50 per cent, of the net value of the community, if any, in cash.
There are a few other stipulations not necessary to mention.
It is alleged in the petition, and not denied, that Mrs. Guillot resumed the administration of her separate property on January 1, 1915, and on February 5, 1915, obtained a judgment dissolving the community existing between her and her husband.
Differences arose between the parties as to the selection of the umpire and the appraisement of the improvements placed by the community on the separate real estate of the wife.
Finally, however, on February 6, 1915, the accountant submitted his report and supplemental report to the parties, signed by two of the three appraisers.
Mrs. Guillot denied the correctness of the report and refused to abide by it.
Whereupon the plaintiff instituted the present suit on March 1, 1915, to recover from the defendant, his wife, the sum of $41,699.74, less the proceeds of certain cotton pledged to secure a debt of $14,172.68 due H. & O. Newman.
The amount sued for is made up of the items following, to wit:

The last paragraph of the petition reads as follows:
“And petitioner further alleges that the said defendant Mrs. Fannie Clwpin-Guillot, since tho filing of her petition for a dissolution of the community, has taken possession of and assumed the management and control of property belonging to the community of acquSts and gains formerly existing between her and your xietitioner, and she is estopped from refusing to comply with her contract of September 10,1914.”
This suit is therefore one to enforce said contract between husband and wife in all its stipulations.
After filing an exception of no cause of action, which was overruled, the defendant filed an answer, which covers 17 pages of her attorney’s printed brief.
The first paragraph of the answer reads as follows:
“She respectfully shows that this suit is predicated on an alleged contract and agreement al *89 leged to have been made and entered into on September 10, 1914, which, if true, is wholly void and null and in violation of a prohibitive statute, and for that reason this suit should be dismissed and the plaintiff’s demands against her rejected.”
In paragraph 4 the defendant specially fiRuip.fi that she was legally bound by said alleged contract sued upon by the plaintiff in this case.
On the merits the defendant denied any indebtedness whatever to the plaintiff, and, reconvening, prayed judgment against him for at least $10,000 for the conversion of her separate effects to his own use.
Defendant in her answer also attacked the reports of the public accountant as erroneous and incorrect, and based on false and inflated values of real and personal property made by two appraisers, who had not been sworn, and who had no authority, under the contract, to appraise movables; their power being limited to the valuation of improvements on her separate property.
The case was tried on the merits, and judgment was rendered in favor of the defendant rejecting plaintiff’s demand and dismissing his suit, and allowing defendant’s demand in reconvention to the extent of overbalancing or paying any claim or charge by the husband contained in his petition for improvements placed upon the wife’s separate property.
[1] This suit is by the husband to enforce against the wife a contract made between them during the existence of the community by which the wife virtually purchased all the community property, assuming the payment of all the community debts, and agreeing to pay over one-half of the surplus above the debts to her husband, the settlement to be based on an appraisement and accounting as stipulated in the contract, which, moreover bound the wife to return and pay to her husband the sum of $5,000, the amount of a manual gift made by the wife to her husband on the day before their wedding.
As a general rule contracts between husband and wife are forbidden, and the wife is without capacity, even with the assent of the husband, to become security for his debts. C. C. 1790.
“A contract of sale between husband and wife can take place only in the three following cases :
“1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
“2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
“3. When the wife makes a transfer of property to her husband in payment of [her] dowry.”
O. O. 2446.
“The wife must petition for the separation of property, and it can only be ordered by a court of justice, after hearing all parties. It can, in no case, be referred to arbitration.
“Every voluntary separation of property is null, both as respects third persons and the husband and wife between themselves.”
C. O. 2427.
“The wife whether separated in property by contract or by judgment, or not separated, can i not bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage.”
O.-O. 2398.
[2] The husband and wife having no capacity to contract between themselves, their agreement was null under C. C. 1790; and as the parties were not judicially separated at the time, the agreement cannot fall within the exception of C. C. 2446; and as the agreement binds the wife for debts contracted by the husband during the marriage, it is null under C. C. 2398.
“Estoppel has no application to the case of a married woman seeking to be relieved from contracts of security for a debt of her husband.” Hamilton v. Moore, 136 La. 634, 67 South. 524.
“It is now well settled that the wife cannot be estopped by any act of recognition or ratification of her contracts, during coverture, or even by a confession of judgment, from subsequently urging the nullity of such contracts.” Succession of Andrus, 34 La. Ann. 1065.
As the contract sued on is null, and therefore cannot be judicially enforced, the suit was properly dismissed.
Judgment affirmed.
SOMMERVILLE, J., concurs.