Rehearing dismissed on joint motion of counsel.

**52 So.2d 714**

**SHEARD v. GREEN.**
**No. 39490.**
April 23, 1951.

Frank S. Kennedy, Shreveport, for plaintiff and appellant.

Smith, Hunter, Risinger & Shuey, Shreveport, for appellee.

LE BLANC, Justice.

The plaintiff herein is seeking to have an alleged separation agreement between herself and her divorced husband set aside on the grounds of fraud and to have herself recognized as the owner of one-half interest in all the community property as of the date of their divorce and that she further be recognized as the owner of one-half of all the rents, revenues, and increase derived from said property since that time.

The facts of the case as recited in her petition are briefly these: Plaintiff and defendant were married on or about the 2nd day of January, 1929 in Jasper Texas; that shortly thereafter they moved to Shreveport, Louisiana, where they continued to live until 1936 at which time they moved to New Orleans, Louisiana; that they lived in New Orleans until 1945, at which time they moved back to Shreveport, Louisiana, and established their domicile. Shortly after their return to Shreveport, plaintiff, because of defendant's actions, was forced to leave the matrimonial domicile. She moved to Garland County, Arkansas, established the necessary residence, and filed suit for divorce, which was granted on October 30, 1945.

Prior to the granting of the divorce, on October 26, 1945, plaintiff and defendant entered into the contract or agreement, which is the subject of the present suit, whereby plaintiff agreed to relinquish all her rights for maintenance, alimony, or dowry, and all of her claims against defendant in consideration of about $950.00 in war bonds, a 1938 Plymouth car and the sum of $2,000.00, represented by two notes, of $1,000.00 each, of the defendant, together with $150.00 per month alimony,

beginning November 1, 1945 until the plaintiff remarried.

Plaintiff now avers that this agreement is invalid and should be set aside because of the fraud practiced on her by defendant in that he told her at the time of the agreement that the community was worth approximately $5,000.00 whereas, she now alleges that she is informed that it was more than $25,000.00.

In the alternative, plaintiff alleges that defendant's payment of one of the $1,000.00 notes is past due and prayed for judgment accordingly.

Defendant filed an exception of no cause or right of action which was sustained by the trial judge as to the main demand but reserved to plaintiff her right to pursue her alternative demand.

On October 22, 1947 defendant, through his counsel, admitted owing the plaintiff the $1,000.00 plus six percent interest and deposited with the clerk of court the sum of $1,078.84, which tender was refused by plaintiff.

Defendant's exception of no cause or right of action is based on the contention that the so-called agreement or contract sued on by plaintiff was incorporated in and made part of the judgment of divorce of the Arkansas court, and therefore cannot be collaterally attacked in this proceeding.

Plaintiff contends that under the law of Arkansas, as interpreted in several cases, a property settlement is a matter of con-

tract, even though it is incorporated in a judgment of divorce. McCue v. McCue, 210 Ark. 826, 197 S.W.2d 938; Pryor v. Pryor, 88 Ark. 302, 114 S.W. 700; Tennison v. Tennison, 216 Ark. 748, 227 S.W.2d 138. Therefore, she avers that it may be attacked collaterally without making a direct attack on the judgment of divorce.

The general law on this subject is contained in 27 C.J.S., Divorce § 334, p. 1300, Note 17: "A separation agreement embodied in a foreign divorce decree may not be attacked without making a direct attack on the decree."

A reading of the cases relied on by plaintiff fails to show that the Arkansas courts do not follow the general rule set out above, but it is not necessary to base our holding on this fact because plaintiff has not alleged in her petition what the Arkansas law is and in the absence of such allegation it is presumed that our law is applicable. Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678 and cases cited therein. This court cannot take judicial notice of the laws of a sister state; they must be alleged and proved as any other facts. Taylor v. Terzia, 171 La. 1040, 132 So. 781.

Under our law, such a contract as the one involved in this suit would be absolutely null and void if entered into prior to judicial separation or divorce. Civil Code Articles 1790, 2446; Guillot v. Guillot, 141 La. 86, 74 So. 704; Marks v. Loewenberg, 143 La. 196, 78 So. 444; Russo v. Russo, 205 La. 852, 18 So.2d 318.

The only way such an agreement under our law is binding is to have it incorporated in the judgment of divorce or have it entered into subsequent to the dissolution of the marriage community. The attack on the contract in this case under Louisiana law is an attack on the judgment of divorce and the only question that this court can consider with respect to a divorce decree of a sister state is the jurisdictional requirement of domicile. Navarrette v. Laughlin, 209 La. 417, 423, 24 So.2d 672 and cases cited therein.

The judgment of the District Court sustaining the exception of no cause or right of action is correct and is affirmed at appellant's cost.