228 So.2d 663 (1969)
Marshall P. PILCHER, Plaintiff-Appellant,
v.
Charlotte Faye Coward Pilcher PAULK and K. M. Menefee, Defendants-Appellees.
No. 2860.
Court of Appeal of Louisiana, Third Circuit.
November 25, 1969.
*664 J. S. Pickett, Jr., and E. L. Edwards, Jr., Many, for plaintiff-appellant.
Thomas A. Self, and J. Reuel Boone, Many, for defendants-appellees.
Samuel V. Prunty, Jr., Shreveport, for Herndon heirs.
Before SAVOY, CULPEPPER and MILLER, JJ.
SAVOY, Judge.
This suit was consolidated for purposes of trial and on appeal with State of Louisiana, through the Sabine River Authority, State of Louisiana v. Pilcher et al., 228 So.2d 667 (La.App. 3 Cir. 1969), decided this date.
The instant suit started as a simple action to quiet title, but ended up involving many legal problems. At the outset, we would like to state that in addition to the petitions and answers filed herein, exceptions too numerous to mention were also filed in this suit.
Plaintiff alleged that he was the owner of an undivided 15/16 interest in certain described real estate situated in the Parish of Sabine, Louisiana; that K. M. Menefee, a defendant herein, filed of record in Sabine Parish an act of sale wherein he purchased the undivided right, title and interest from plaintiff's ex-wife, Charlotte Fay Coward Paulk, in and to the property described in his petition; and, that the recording of the deed in the conveyance records constituted a cloud on his title.
He alleged that in the suit entitled, Charlotte Fay Pilcher v. Marshall P. Pilcher, number 40,538C, Criminal District Court, Jefferson County, Texas, his wife, made defendant in the instant suit along with Menefee, filed suit against him for a divorce; that the action was uncontested, and in her petition she stated there was no property owned by the community; that on May 23, 1955, a property settlement was had between the parties and a final divorce decree was entered in suit number 40,538C on July 18, 1955, dissolving the bonds of matrimony between the parties. On September 14, 1965, Charlotte conveyed all of her undivided right, title and interest in said property described in the instant suit to Menefee.
As alternative demands, plaintiff alleged that if this court should find that community funds were expended that his ex-wife be limited to a stipulated sum of money; that the deed to Menefee be annulled for lesion beyond moity. Also, that he have judgment for any improvements placed on the property since the divorce decree.
By supplemental petition plaintiff alleged that on February 14, 1955, he executed a lifetime usufruct in favor of his father, F. E. Pilcher, which instrument was duly recorded in the Conveyance Records of Sabine Parish, Louisiana; that on March 30, 1966, Menefee executed to the plaintiff in suit 2861 a deed to a portion of the real property described in his original petition; that plaintiff in suit 2861 be made a party defendant; and that the instrument from Menefee to plaintiff in 2861 be cancelled and erased from the Conveyance Records of Sabine Parish, Louisiana.
Menefee filed an answer denying the allegations of plaintiff's original and supplemental petitions, except he admitted owning an undivided one-half interest in the property in dispute. Menefee then filed a reconventional demand asking for a correction in a deed in the chain of title so as to show the correct description. He also asked that the usufruct granted to F. E. Pilcher be decreed null for numerous reasons *665 stated; that he specifically denied that the Herndon heirs had any interest in the property in question, specifically to an undivided 15/16 interest which plaintiff alleged was owned by said heirs; and that they should be made parties defendant to determine if they had any interest in the property herein.
Sabine River Authority, plaintiff in suit 2861 and defendant herein, answered that they had purchased Menefee's interest with full warranty, and that they had expropriated a portion of plaintiff's property described herein in suit 2861; that if the Court should find that plaintiff in this suit owned the Menefee interest, they should be decreed the owners by virtue of their expropriating authority upon depositing the funds in the Registry of the Court needed to satisfy said judgment. They also prayed that the usufruct from plaintiff to F. E. Pilcher be declared null and void.
Defendant, F. E. Pilcher, filed an answer generally denying all allegations of the petition filed against him. The Herndon heirs did likewise answer generally denying all allegations, and claiming to own an undivided 1/16 interest in the property in controversy.
Plaintiff filed a plea of acquisitive prescription of ten years against the claim of Menefee.
All of the exceptions and pleas were overruled. The trial judge, in a well written and considered opinion, held:
(1) That the Texas agreement prior to final divorce was of no effect; that since the property was acquired during the community, the ex-wife of plaintiff owned an undivided 15/32 in the property in controversy;
(2) That the usufruct from plaintiff to F. E. Pilcher was null and void;
(3) That Menefee did not own an undivided one-half interest in the property, but owned an undivided 15/32, and that he had to reimburse to plaintiff in 2861 the difference between the undivided interest which he sold and the interest he owned, namely 15/32;
(4) The plea of acquisitive prescription of ten years filed by plaintiff was overruled for one co-owner may not prescribe against another co-owner;
(5) That the Herndon heirs owned an undivided 1/16 interest in said property;
(6) That a corrected deed in the chain of title be executed to show the proper and correct description of the property in the instant suit;
(7) That plaintiff's right to claim the value of the improvements placed on the property after the July 18, 1965, divorce decree be reserved.
From this ruling plaintiff and Menefee have appealed to this Court.
We shall first discuss the claim of the Herndon heirs to an undivided 1/16 interest in the property.
On October 7, 1953, H. W. Hippler sold to F. E. Pilcher the real estate in the instant case. In said deed there is a reservation and agreement that the property was sold subject to a 1/16 interest belonging to the heirs of Alice Merritt Herndon.
On February 14, 1955, F. E. Pilcher sold to plaintiff the property acquired from Hippler. The deed did not mention the 1/16 interest owned by the Herndon heirs. Menefee contends that he is the owner of the 1/16 claimed by the heirs of Alice Merritt Herndon by virtue of a quit claim deed executed by M. P. Merritt and C. C. Merritt to him on December 4, 1967.
An examination of the deeds in the record reveals that on December 4, 1967, M. P. Merritt and C. C. Merritt owned no interest in the property. M. P. Merritt sold his interest in the property to Alice Howard Merritt, et ux, by deed dated December 31, 1934; and C. C. Merritt sold his interest in the property to Mrs. Martha Clark on September 14, 1934. Consequently, *666 Menefee did not acquire any interest in said property by virtue of the quit claim deed.
The next matter for determination is the status of the alleged settlement and divorce between plaintiff and his ex-wife in the Jefferson County Court. Although the transactions were had in Texas, the property involved being real estate, the laws of this state would determine the status of same.
LSA-C.C. Article 2446 provides the cases whereby a husband and wife may, during the marriage, contract or sell property to one another. These are:
"1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
"2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
"3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry."
None of the above is applicable in the present case. The courts of this state will recognize a property settlement in a divorce proceeding if it is incorporated in the judgment of the court or if it is entered into subsequent to the dissolution of the marriage. Sheard v. Green, 219 La. 199, 52 So.2d 714. This was not done in the Texas decree. This not having been done when the community was dissolved by the divorce decree, each party owned an undivided one-half interest in all community property. LSA-C.C. Article 2406. When plaintiff's ex-wife sold her interest in the property she owned an undivided 15/32, and Menefee acquired valid title to that interest. The claim for lesion is without merit for there was no sale between plaintiff and his wife; and, in any event, if there had been one, it could not affect Menefee, a third party.
Another reason why the sale from plaintiff's ex-wife to Menefee is valid is that while Menefee knew that there was a divorce proceeding in Jefferson County, Texas, and that the wife had stated in her Texas petition that there was not any community property between the parties since there was nothing of record in Sabine Parish, Louisiana, plaintiff was a third party within the holding of McDuffie v. Walker, 125 La. 152, 51 So. 100.
The trial judge properly allowed one of the deeds in the chain of title to be corrected to show the proper description of the property. It is always permissible to reform a deed in this manner.
As to plaintiff's contention that he acquired the property by ten years acquisitive prescription, we find this plea is without merit. In the recent case of Dupuis v. Broadhurst, 213 So.2d 528 (La.App. 3 Cir. 1968), this Court allowed a co-owner to prescribe against another co-owner, but held the thirty years prescription was applicable. In the instant case plaintiff did not acquire a deed from his wife so that LSA-C.C. Article 3478 dealing with ten years acquisitive prescription would not be applicable since the elements necessary for this type of prescription are missing, namely, a title which shall be legal, and sufficient to transfer the property.
The court also correctly reserved to plaintiff the right to recover for improvements placed on the property after the dissolution of the community.
The trial judge also correctly held that Menefee owed the Sabine River Authority a proportionate return of the purchase price on the property which they purchased from him because he sold more than he owned, and under his warranty he was obliged to make restitution under LSA-C.C. Article 2514.
*667 The last matter for determination is as to the validity or invalidity of the usufruct granted by plaintiff to his father during the community existing between plaintiff and his ex-wife.
LSA-C.C. Article 2404 provides, in part, that the husband cannot make a conveyance inter vivos, by a gratuitous title, of the immovables of the community, unless it be for the establishment of the children of the marriage.
LSA-C.C. Article 471 states in part: "The following are considered as immovable from the object to which they apply: The usufruct and use of immovable things." We conclude, as did the trial judge, that the usufruct granted by plaintiff to his father, F. E. Pilcher, during the existence of the community between plaintiff and his ex-wife, Charlotte Faye Coward Paulk, was null and void.
For the reasons assigned the judgment of the district court is affirmed.
Costs of this appeal are assessed one-half to plaintiff, Marshall P. Pilcher, and one-half to K. M. Menefee.
Affirmed.