485 So.2d 165 (1986)
Sarah Morgan HUCKABAY, Appellant,
v.
Lester Shields HUCKABAY, III, Appellee.
No. 17593-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
Writ Denied May 16, 1986.
*166 Bowers & Bowers by Gary Bowers, Shreveport, for appellant.
Horton & Jones by William R. Jones, Coushatta, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
This is a suit by a former wife to enforce a community property settlement and to compel an accounting. The husband raised an exception of three years prescription under LSA-C.C. art. 2369. The trial court sustained the exception and dismissed the suit. The wife now appeals and, for the reasons expressed, we reverse and remand.
Mr. and Mrs. Huckabay obtained a judicial separation on October 7, 1977. On the previous day, they executed a partition and settlement agreement which provided, among other things, that
(1) Mrs. Huckabay would get one-half of proceeds from the sale of community-owned cattle;
(2) Mrs. Huckabay would get $50,000 from the sale of the community immovable; and
(3) Mrs. Huckabay would get one-half of her husband's state police retirement, not to take effect until Mr. Huckabay actually retired and was no longer paying $500 a month alimony and support.
The judgment of October 7 approved and incorporated the settlement agreement of October 6.
Mrs. Huckabay filed the instant suit in October 1984. She claimed that she never got her half of the cattle proceeds, never got her share of the retirement benefits, and is still due $7,000 on the sale of the land. She prayed for an accounting and for the proceeds she should have received under the settlement.
Mr. Huckabay raised the exception of prescription. According to the second paragraph of LSA-C.C. art. 2369, the obligation to account prescribes in three years from the date of the termination of the community property regime. Mr. Huckabay argued that any payment of proceeds would ultimately depend on an accounting and thus the relief and the accounting were irrevocably bound. Since three years had already elapsed, there could be no accounting and, consequently, no relief. The trial court sustained the exception and this is the only issue on appeal.
We have closely analyzed the precise language of the article, the official revision comments, and the article's placement in the civil code. The first paragraph of the article provides:
A spouse owes an accounting to the other spouse for community property under his control at the termination of the community property regime.
The wording is ambiguous. A spouse might owe an accounting at the termination of the regime, or he might owe an accounting not at the termination but for property he controlled at the termination. Either way, the language presents a past aspect. The duty clearly encompasses accounting for acts performed up until the termination. The date of termination provides a convenient point of reference to start prescription *167 for suits alleging mismanagement during the existence of the regime, mismanagement that could be long and continuous. The same limitation does not apply to acts committed after the termination, to the detriment of the assets of the former community. The article does not use the expression, "assets of the former community." Thus it applies only to assets of the community, managed by one spouse during the existence of the community property regime.
This conclusion is fortified by the official revision comment (c), which provides that, "in this revision, either spouse may be required to account for community property under his control during the existence of the community property regime" (emphasis added). Article 2369 is not applicable to acts of mismanagement that were committed after the community was terminated and the property partitioned.
Furthermore, article 2369 is located at the end of a code section that defines the rights of spouses when community and separate assets have been, for example, commingled, or there has been accretion. LSA-C.C. arts. 2364 through 2368. The right of accounting described immediately afterward obviously applies to these causes of action arising before the termination. Article 2369 does not apply to this case because the acts arose after termination. Cf. Lococo v. Lococo, 462 So.2d 893 (La. App. 4th Cir.1984), writ denied 462 So.2d 889 (1985).
The pertinent law is, as argued by Mrs. Huckabay, the law of contract. By the settlement agreement, Mr. Huckabay obligated himself to give certain things to his former wife. See LSA-C.C. art. 1756. Mrs. Huckabay alleges that after the confection of this agreement, Mr. Huckabay failed to perform. She is clearly entitled to demand performance. LSA-C.C. art. 1758(1). Since the main thrust of her suit is to enforce performance, the accounting is only a subordinate demand.
The prescriptive period applicable to a contract is ten years. LSA-C.C. art. 3499. Mrs. Huckabay's suit, therefore, was timely and should not have been dismissed. She has cited to us our recent case of Shaw v. Ferguson, 437 So.2d 319 (La.App. 2d Cir.1983), in which we applied a thirty year prescriptive period to a similar action under LSA-C.C. art. 3458 (repealed). This was chiefly because Mr. Ferguson's obligation in that case was to convey immovable property under the terms of the settlement agreement. Since all actions to convey immovable property are governed by thirty year prescription, we allowed that specific prescription article to prevail over the general article covering personal actions. The same result is not warranted here, since Mr. Huckabay is under no obligation to convey an immovable. Accordingly, we stand by the general ten year prescription here.
Mr. Huckabay has mentioned in brief that the contract between the spouses was confected before they had actually separated. Before 1980, interspousal contracts were generally prohibited. LSA-C.C. art. 1790 (repealed). Even under this law, however, the jurisprudence recognized interspousal contracts that were ratified in the judgment of separation, as this one was. Sheard v. Green, 219 La. 199, 52 So.2d 714 (1951). Furthermore, the effect of the judgment of separation was retroactive to the date the initial suit was filed, and the contract was presumably entered after the date of filing. LSA-C.C. art. 159. Thus the contract here is valid.
Mr. Huckabay next raises the equitable argument that his former wife is estopped from claiming the retirement benefits because of her long acquiescence in his failure to pay them. He contends that between 1979 and 1984, he used his retirement income to pay child support, college tuition and other expenses incurred by their major daughter. The terms of the settlement agreement, however, excused Mr. Huckabay from paying the retirement benefits as long as he was paying $500 per month alimony and support. Thus Mrs. Huckabay had contractually agreed to forego payments from the retirement fund until a suspensive condition elapsed. She cannot *168 be equitably estopped when her temporary inaction was a provision of the agreement.
Accordingly, we reverse the trial court's judgment sustaining the exception of prescription. The suit is remanded for further proceedings and proof of any amounts to which Mrs. Huckabay is entitled under the settlement agreement. Costs are assessed to the appellee, Mr. Huckabay.
REVERSED AND REMANDED.