YARRUT, Judge.
These consolidated cases involve: (1) a devolutive appeal by Plaintiff (wife) from a judgment (a), dissolving an injunction she obtained prohibiting Defendant (husband) from disposing of community property; and (b), dismissing a contempt rule against him for violating the injunction; and, (2) a hearing on his application to this court for remedial writs of certiorari and mandamus to compel the district judge to proceed with the trial of the hearing of his exceptions to her reconventional demand.
*809 On December 12, 1961, Plaintiff obtained a default judgment of separation from bed and board, coupled with an injunction prohibiting Defendant from disposing of any community property.
On September 14, 1962, Defendant brought an action to nullify the injunction on the ground there was no community in existence because of a prior judgment of separation, rendered on December 20, 1957, in her favor (Docket No. 14764 of the 22nd Judicial District Court for the Parish of St. Tammany), followed by a reconciliation between the parties without the re-establishment of the community in accordance with LSA-C.C. arts. 155.
The wife then reconvened, alleging that, in the prior separation proceedings in St. Tammany Parish, the community was settled by her husband’s agreement to pay her $25,000 for her community interest and, although she had conveyed her interest to him as she agreed, he had not paid the $25,-000. She then prayed for judgment in that amount or, in the alternative, that she be declared owner of 50% of all property in his name when the injunction issued, for which he should account. The husband denied all allegations of the reconventional demand, coupled with exceptions of no cause or right of action, and improper cumulation of actions.
On September 12, 1963 the wife filed a rule to hold her husband in contempt for disposing of community property. On July 28, 1964, judgment was rendered in favor of the husband deleting from the December 12, 1961 judgment the injunction enjoining him from disposing of community property and dismissing the contempt rule. From this judgment the wife has de-volutively appealed.
 No testimony was taken on the dissolution of the injunction, the contempt rule or the reconventional demand, nor did the trial judge refer to the reconven-tional demand in his judgment of July 28, 1964. However, we must hold that the trial judge properly recalled the injunction- and dismissed the contempt rule because the judgment of separation of the St. Tammany court had dissolved the community, which the spouses had settled; but must hold the court was in error in not hearing the reconventional demand.
On September 25, 1965, the day set for the hearing of the exceptions to the recon-ventional demand, counsel for the wife objected to the hearing on the ground the trial court was without jurisdiction, since the main demand was on appeal. The trial court maintained this objection, and declined to hear any evidence on the recon-ventional demand. Defendant then applied to this court for remedial writs on the ground the trial court (LSA-C.C.P. arts. 1038 and 1915) had jurisdiction over the reconventional demand, even though the main demand was on appeal. Since the application for the remedial writs has been consolidated with the appeal, both will be disposed of now.
First, we will consider the right of the trial court to dissolve the injunction without a hearing. A hearing would have served no purpose. The trial judge acted correctly as the wife herself admitted that the only existing community, dissolved by the St. Tammany court’s judgment, was mutually settled, and that she had conveyed all of her interest therein to her husband for $25,000, which he has never paid and for which she is now seeking a judgment in reconvention, or for an accounting of money she contributed toward property acquired in her husband’s name. LSA-C.C.P. art. 3944 only authorizes the court to enjoin either party in a separation or divorce action from disposing or encumbering community property. The only community having been dissolved and settled by mutual consent, as judicially admitted by the wife, there is no longer any community property the husband can dispose of.
However, it is clear that the husband did not have a hearing on his exceptions to his wife’s reconventional demand, nor did she *810 have a hearing on the merits of her recon-ventional demand.
Therefore, the judgment appealed from is affirmed insofar as it dissolves the injunction and dismisses the contempt rule; but is remanded to the district court for trial on the reconventional demand; which ruling disposes of the application for remedial writs. The taxing of all costs is to await the final outcome of the hearing on the reconventional demand.
Judgment affirmed in part and remanded in part.