SAVOY, Judge.
Plaintiff wife appeals the trial court’s judgment annulling a property settlement confected during her marriage to defendant husband. The facts are not in dispute.
On February 3, 1970, the unrepresented appellee husband and appellant wife went to the wife’s attorney’s office to sign a community property settlement agreement which disposed of the community property without referring to the wife’s claim for alimony. The wife’s suit for a judicial separation was pending. The property settlement was prepared in authentic form and was signed February 3, 1970, but left undated with the understanding that it would be dated after the judgment was signed. Both parties were informed that the agreement would not be binding until after the judgment of judicial separation was signed, and that either could set it aside before it was dated. The judgment of judicial separation was obtained by confirmation of default and was signed February 10, 1970. On February 11, 1970, the wife’s attorney’s secretary, who was notary on the authentic act, dated the agreement as having been executed February 11, 1970, and since neither party attempted to set it aside, it was recorded in the Clerk of Court’s office on that date. There has been no formal ratification of the property settlement. The parties complied with all terms of the agreement, and each took exclusive possession of their respective properties. The husband traded the car which was received as part of his share of the community before the trial of this litigation.
On December 30, 1970, appellee husband sued to annul and set aside the property settlement signed February 3, 1970, but dated February 11, 1970. The wife answered stating that the contract did not become effective until February 11, 1970. Alternatively, she alleged that the appellee ratified the agreement by trading the car received as part of his share of the community. She also reconvened for damages and attorney’s fees claiming wrongful issuance of a temporary restraining order prohibiting her from selling her share of the property without furnishing bond.
We find no merit to the contention that the undated contract became effective on February 11, 1970, and was therefore entered into subsequent to the judicial separation. The cases of Wampler v. Wampler, 239 La. 315, 118 So.2d 423 (1960), and Zemurray v. Boe, 235 La. 623, 105 So.2d 243 (1958) did not involve the right of husband and wife to partition the community property during the existence of the marriage.
The issue is whether the property settlement signed prior to the dissolution of the community was absolutely null when executed and therefore incapable of being ratified, or whether it was relatively null and therefore subject to ratification.
Prior to Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967), different results were reached as to whether the nullity was *87 absolute or relative depending upon whether the contracts of settlement were rendered null because they contained a waiver of alimony or because they violated some other prohibition of Civil Code Articles 1790 and 2446. See Casenote XIII, Loyola Law Review 179, at page 181. If alimony was waived, the contract was void (if entered into prior to divorce) and not subject to ratification, whereas if the contract merely dealt with settlement of the community and nothing more, it was null (if entered into during the community) but was rati fiable.
The landmark in the line of cases dealing with contracts involving a waiver of alimony rights was Sheard v. Green, 219 La. 119, 52 So.2d 714 (1951). The court addressed itself specifically to the question of a collateral attack upon a divorce judgment but stated in dicta that a property settlement in which alimony was relinquished was “absolutely null and void if entered into prior to judicial separation or divorce.” 52 So.2d 714, at page 716. Russo v. Russo, 205 La. 852, 18 So.2d 318 (1955) was cited for support. Therein the court stated, “ * * * the wife is an incapacitated party to the contracts in question insofar as alimony is concerned.” 18 So.2d 318, at page 320. The court concluded that such contracts were null and not subject to ratification, but again, this was not the question before the court. Rather, the court was concerned with the question of whether a wife could plead such nullity without first offering to return the consideration received for the settlement.
In Gray v. Gray, 189 So.2d 735 (La.App. 1 Cir. 1966), writs refused 249 La. 766, 191 So.2d 142 (1966), the property settlement contained “ * * * a waiver by the wife of all future claims for the wife’s support and maintenance.” 189 So.2d 735, at page 737. The court quoted the dicta of Sheard v. Green, supra, for the proposition that such settlements are absolutely null. They distinguished the facts of Sheard from those in Gray by stating that unlike the situation in Sheard, the parties in Gray had not incorporated the agreement into the divorce decree, and therefore, the agreement had to stand alone, in its contractual status, and face Civil Code Articles 1790 and 2443. No plea of ratification had been made, and the court found the agreement null.
Writs were refused in Gray, supra, on the basis that there was no error of law (249 La. 766, 191 So.2d 142 (1966), but this implication of approval of the declaration of absolute nullity of such agreements is severely qualified by the case of Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967), especially when it is remembered that the issue of ratification was not raised in Gray.
In thé Nelson case, supra, the Supreme Court granted writs to review the holding that the property settlement, which contained a waiver of alimony, was void and unratifiable. The Supreme Court reversed and held the property settlement to be ratified, finding the waiver of alimony was not the principal cause of the property settlement. 197 So.2d 619, at page 625. The court then found that the wife’s waiving her right to alimony pendente lite constituted a relative nullity. The nullity stemmed from an act in derogation of laws enacted for the individual’s protection and was not in violation of public order or good morals. The property settlement was therefore capable of ratification even though alimony had been waived.
In the instant case, the property settlement did not purport to affect alimony rights. The property settlement entered into prior to the dissolution of the community is therefore relatively null and subject to ratification once the parties’ incapacity to contract is removed. Maxwell v. Maxwell, 1 La.App. 413 (La.App. 2 Cir. 1925); Dares v. O’Donnell, 151 So. 774 (Orl.App.1934); Tilton v. Tilton, 162 *88 So.2d 733 (La.App. 4 Cir. 1964); Sciortino v. Sciortino, 209 So.2d 355 (La.App. 4 Cir. 1968), writ refused on a finding that the result reached is correct, 252 La. 461, 211 So.2d 328 (1968).
The husband in the instant case ratified the property settlement when he traded the car received as his part of the settlement. See Sciortino v. Sciortino, supra.
When the defendant husband in this case filed pleadings to set aside the community property settlement, he obtained a temporary restraining order prohibiting his wife from disposing of her share of the community transferred in the February 3rd settlement. The trial court granted the order without requiring bond. The plaintiff wife sought damages and now urges that she is entitled to reasonable attorney’s fees for services rendered in connection with the dissolution of the restraining order.
Since the parties were judicially separated on February 10, 1970, the community was dissolved as of that date. Neither party was entitled to injunctive relief thereafter without posting bond. LSA-C.C.P. Art. 3944. The defendant husband failed to show irreparable injury. LSA-C.C.P. Art. 3608 allows attorney’s fees under these circumstances We set damages at $500.00.
The trial court’s judgment is reversed, and judgment is hereby rendered in favor of Martha Marie Hull Fisher against Archie Bryan in the amount of $500.00. Judgment is further rendered in favor of Martha Marie Hull Fisher declaring valid and enforceable the contract of community property settlement and partition entered into by the parties on February 3, 1970. Costs in this Court and in the trial court are assessed to Archie Bryan Fisher, ap-pellee.
Reversed and rendered.