JONES, Judge.
Mary Warmack Smith filed suit to partition the community of acquets and gains which existed between her and Chesley 0. Warmack prior to their Arkansas divorce. The lower court found the parties had previously entered into a community property settlement, and each was the owner of the property they respectively received by the terms of the agreement. The trial court rejected plaintiff’s demands for a partition and she appeals. We affirm.
The parties were separated in September, 1973. Plaintiff left the marital domicile and moved to Arkansas. At the request of plaintiff and her attorney, defendant traveled to Arkansas on October 5, 1973 and signed a “waiver of service and entry of appearance” statement in connection with plaintiff’s divorce action against him. Along with the waiver of service, the statement also contained this language:
“And Mary Rose Warmack on acceptance and filing of this instrument in the court above set out waives all right, title, and interest in and to any and all community *1211 property to which she might be entitled to in the State of Louisiana.”
On October 19, defendant returned to the office of his wife’s attorney in Arkansas. At that time defendant and plaintiff signed a document which conveyed plaintiffs interest in the community home to defendant, and in which he assumed payment of the mortgage against the property. They further agreed plaintiff would receive their 1969 Ford automobile and each would receive miscellaneous items located in their former home. Plaintiff proceeded with her legal action and on December 27, 1973 was granted a decree of absolute divorce by the Arkansas court. The divorce judgment specifically recognized the wife’s ownership of the 1969 Ford. She filed this action for partition on April 22, 1975.
Although the wife’s testimony with regard to the signing of the deed is somewhat ambiguous, we conclude from the totality of her testimony, not only with regard to the signing of the deed but also that dealing with the filing of the “waiver of service and entry of appearance” and her receipt and use of the automobile, that plaintiff both acknowledges her signature on the deed and understood she was entering into a community property settlement. However, she urges this settlement is absolutely null because it was signed prior to the dissolution of the marriage and does not fall within the exceptions enunciated in LSA-C.C. art. 2446.[1] We disagree.
A voluntary partition of community property prior to judicial separation or divorce is only relatively null. Fisher v. Fisher, 261 So.2d 85 (La.App., 3d Cir. 1972). Such an agreement can be expressly or impliedly ratified after the judicial separation or divorce. LSA-C.C. art. 1786; Fisher v. Fisher.
This agreement between defendant and plaintiff was reaffirmed when Mrs. Smith filed the waiver form in the Arkansas divorce suit. It was ratified by the express recognition of her ownership of the car in the Arkansas divorce judgment. See Valvoline Oil v. Krauss, 335 So.2d 64 (La.App., 3d Cir. 1976). She further ratified the agreement when she later disposed of the car. Sciortino v. Sciortino, 209 So.2d 355 (La.App., 4th Cir. 1968); Fisher v. Fisher, supra.
The evidence at trial establishes plaintiff has not yet received possession of personal and miscellaneous items to which she was entitled by the terms of the settlement, even though defendant offered these items to her on several occasions. The trial court judgment recognizes her ownership of these items.
Accordingly, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.
Affirmed.

. “Art. 2446. Safes between husband and wife
“Art. 2446. A contract of sale, between husband and wife, can take place only in the three following cases:
“1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
“2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
“3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.
“Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.”