393 So.2d 162 (1980)
George Joseph JAMES
v.
Nancy Blount JAMES.
No. 13741.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
*163 James H. Minge, New Orleans, for plaintiff-appellant.
A. Russell Roberts, Metairie, for defendant-appellee.
Before: LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment annulling his community property settlement with defendant.
The issues are: the use of parol testimony to effect a change in the date of signing of a judgment of separation; the effect of judicial admissions in defendant's petition and the ratification of the community property settlement.
We affirm.
Plaintiff was awarded a judgment of separation on July 23, 1976. He and defendant *164 signed a community property settlement on that date. The settlement, which bears the purported date of August 23, 1976, was recorded August 26, 1976.
Two years later, defendant sued to annul the community property settlement on the basis of fraud and lack of consideration. At trial, a discrepancy between the date on the original judgment of separation, July 23, 1976, and that on a certified copy of the judgment was noted. On the latter the July 23rd date had been crossed out and replaced with the date, August 24, 1976. The court granted judgment in favor of plaintiff maintaining the community property settlement.
After trial, however, a minute clerk informed the court that the judgment of separation had in fact been signed on August 24, 1976. Because of an error on her part, the original judgment of separation bearing the date of rendition, rather than the date of signing, had been filed. She had inserted the correct date of the signing of the judgment upon issuance of the certified copy. The court on its own motion thereupon ordered a new trial. The issues were limited to the date on which the judgment of separation was signed and the date on which the community property settlement was executed. After hearing testimony on the circumstances surrounding the signing of the community property settlement and considering the deposition of the minute clerk, the trial court nullified the agreement, on the ground that the parties were not legally separated at the time of its execution.
Plaintiff objected to the admissibility of parol evidence to impeach the date of the judgment of separation. The face of the record reflects an obvious clerical mistake. The minute entry for July 23, 1976, does not reflect that the judgment was signed that day. A certified copy of the judgment bears a date contrary to the original.
The trial court may amend a judgment on its own motion to correct a clerical error that does not alter the substance of the judgment. LSA-C.C.P. Art. 1951.
Plaintiff objected to the use of oral testimony to contradict the August 24, 1976 date of the community property settlement. Both parties and plaintiff's attorney, before whom the act of settlement was signed, testified the act was executed and signed on the date the judgment of separation was rendered. At that time the law prohibited such a contract between husband and wife. LSA-C.C. Arts. 1790, 2446.[1] Parol evidence may be used to establish the incapacity of a party to a contract in fraudum legis. LeBlanc v. Bouchereau, 16 La. Ann. 11 (New Orleans, 1861); Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960). The trial court was not in error in admitting the testimony to establish the incapacity of the parties.
Plaintiff further objected to the use of defendant's testimony to contradict an alleged judicial admission in her petition to annul the community property settlement. He also claims he had no notice of a motion *165 by defendant to amend the petition for correction of a typographical error.
Paragraphs numbers 2 and 3 of defendant's petition read:

"2.
The parties hereto were judicially separated by a judgment rendered by this court in proceeding No. 36,154 signed on August 24, 1976."

"3.
Thereafter, by act before John J. Williams, Jr., Notary of this Parish, dated July 20, 1976, the parties entered into a voluntary partition of the community property. A copy of the act is annexed as an exhibit, and its provisions are adopted here by reference."
Plaintiff contends that two paragraphs when read together constitute a judicial admission that the settlement agreement was executed after the signing of the judgment of separation. Because of the obvious error on the face of the petition, it is doubtful that the paragraphs constitute such an admission. Be that as it may, the error was corrected by written motion submitted in open court in which the word "theretofore" in allegation 3 was substituted for the word "thereafter". The record shows no objection to the correction.
Plaintiff finally contends that even if it is shown that the community property settlement was executed prior to the signing of the judgment of separation, defendant has ratified the agreement by her acts and omissions. Prior to the amendment to LSA-C.C. Art. 1790, (supra at footnote # 1) a property settlement between husband wife, entered into before the dissolution of the community, was a relative nullity, subject to ratification after the parties' incapacity to contract was removed. LSA-C.C. Arts. 1790, 2272; Fisher v. Fisher, 261 So.2d 85 (La.App. 3rd Cir. 1972). Plaintiff contends defendant ratified the community property settlement agreement by the purchase of an automobile in her own name, with her own funds in reliance on the agreement.
The intention to ratify a notarial act not binding on a party must be clearly and unequivocally shown whether it is validated by a formal instrument or by its voluntary execution; such contention cannot be inferred. LSA-C.C. Art. 2272; Succession of Jenkins, 91 So.2d 416 (La.App. 2d Cir. 1956).
The evidence does not show the date on which defendant purchased the auto. We believe the evidence fails to show clearly and unequivocally that defendant purchased said auto after the settlement in reliance upon that agreement.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 1790:

"Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code."
LSA-C.C. Art. 2446:
"A contract of sale, between husband and wife, can take place only in the three following cases:
1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.
Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage."