REDMANN, Judge.
We grant mandamus to declare at an end, upon the granting of a judgment of separation, an injunction against alienation of community property by a spouse and community-owned corporations.
“The judgment of separation from bed and board carries with it the separation of goods and effects .. .,” La.C.C. 155. Thus the judgment of separation terminates the community and constitutes the spouses simple co-owners of the formerly community property.
The consequence is that the judgment of separation automatically terminates any previous injunction restraining a spouse’s disposing of community property, issued under C.C. 149 and C.C.P. 3944 without bond (rather than under C.C.P. 3601 and following). Fisher v. Fisher, 261 So.2d 85 (La.App. 3 Cir. 1972); Guess v. Guess, 180 So.2d 808 (La.App. 4 Cir. 1965).
Accordingly, the trial judge’s reported view “that the preliminary injunction ... had expired by operation of law” is correct. The trial judge nevertheless denied, after contradictory hearing, the requested order that the injunction “be recalled, annulled, vacated and no longer in force or in effect.”
Because of applicant’s showing that his bank declines to do projected business (in respect to instruments of over $50,000 in value) with him or the formerly community corporations because of the injunction against him and them, applicant is entitled to a declaration that the injunction is no longer in effect (although, one might agree, not to an annulment or vacating of an injunction that was proper at the time it was granted). Such a declaration would not, of course, authorize either spouse to dispose of the other’s half interest in formerly community property, but each should be free to dispose of his or her own half. Nor would such a declaration authorize a spouse in control of a formerly community-owned corporation to abuse that control to enrich himself or herself at the expense of the other spouse-shareholder; but the corporation should be free to deal with its assets in good faith. It is therefore
ORDERED that the Honorable Thomas C. Wicker, Judge, Twenty-Fourth Judicial District Court, Parish of Jefferson, Division H, enter an order declaring that the injunction under C.C. 149 and C.C.P. 3944, restraining without bond the disposition of formerly community property, is terminated by the judgment of separation.[1]
CHEHARDY, J., dissenting.
I dissent.

. The wife in opposing this application complains that she is entitled to a sequestration of the formerly community assets. She makes no showing as to any particular item, but we note that corporate assets ordinarily belong to the corporation and not to the shareholders, so that the fact that she may now be a 50% shareholder in the formerly community-held corporation does not of itself give her any right, other than those of a shareholder, to control corporate acts.