CARTER, Judge.
This is an appeal from a judgment rejecting plaintiff’s demand against her former husband for a partition of the community of acquets and gains which formerly existed between them. The trial court found that the parties had entered into a community property settlement during their marriage that was ratified by the parties subsequent to a judgment of separation. We affirm.
The only issue presented on this appeal is whether or not there was a ratification of the community property agreement after a judgment of separation.
The appellant, Jacqueline Resnick Kee, and appellee, James D. McFarland, were married on December 5, 1947. The parties were judicially separated on June 17, 1975, and subsequently divorced on July 20, 1976. On June 5,1978, appellant filed this suit for partition of the community property belonging to the community of acquets and gains previously existing between the parties. In answering this suit, appellee introduced a document entitled “Subject: Payments and Agreement,” dated March 14, 1975, which he contends to have been a settlement of the community.
Appellant contends that this settlement agreement is null and void because it was signed prior to the signing of a judgment of separation between the parties, and that the evidence presented does not establish ratification of the agreement by the parties after the judgment of separation.
At the time the agreement to partition the community property was entered into by the parties, applicable Louisiana law declared such contracts nullities. LSA-C.C. art. 1790, 2446.[1] James v. James, 393 So.2d 162 (La.App.1st Cir.1980); Clay v. Clay, 358 *1177 So.2d 649 (La.App.1st Cir.1978). Nevertheless, such an agreement could be expressly or impliedly ratified after the judicial separation or divorce. Clay v. Clay, supra; Smith v. Warmack, 342 So.2d 1210 (La.App.2d Cir.1977); Lewis v. Hagar, 326 So.2d 519 (La.App.3rd Cir.1976).
The ratification of a contract can only be deduced from facts, when those facts evince clearly and unequivocally the intention to ratify. Lacaze v. Kelsoe, 185 So. 676 (La.App.2d Cir.1939); Copeland v. Mickie, 17 La. 286; Rivas’ Heirs v. Bernard, 13 La. 159.
This agreement between appellant and appellee was reaffirmed when Mrs. Kee wrote letters to appellee which specifically referred to the settlement agreement. A letter dated June 14, 1976 stated: “... as stated in our agreement...” and makes reference to “... the cash settlement still owed to me.” A letter dated August 1, 1976 states “I’ve carried my end of the bargain,” and then demands that the appel-lee honor his part of the agreement.
The trial court correctly found that the most plausible interpretation of these statements is that they refer to the March 14, 1975 community property settlement. The unrebutted testimony of the appellee supports this interpretation.
Therefore, up to the time the judgment of separation was signed on June 17, 1975, the parties lacked the legal capacity to bind themselves in the manner which they attempted to do, but thereafter the legal impediment of incapacity was removed and the parties had the right to bind and obligate themselves as any other major. Consequently, the parties had the right to subsequently ratify what they had attempted to do in the community property agreement.
Both parties discharged obligations pursuant to the community property agreement after the judgment of separation. Further, we cannot say that the trial court was manifestly erroneous in its finding that appellant had the agreement prepared, and that both parties, by their actions and statements subsequent to the judgment of separation, confirmed and ratified the agreement in numerous ways.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C. art. 1790 provided as follows:
“Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, *1177 whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code.”
LSA-C.C. art. 2446 provided as follows:
“A contract of sale, between husband and wife, can take place only in the three following cases:
1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.
Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.”