464 So.2d 1009 (1985)
Brenda SANCHEZ
v.
Norman J. SANCHEZ, Sr., et al.
No. CA 84 0101.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*1010 Ralph D. Hillman, Thibodaux, for plaintiff-appellee.
E. Robert Sternfels, Napoleonville, for defendants-appellants.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment rescinding the sale of an undivided interest in certain immovable property due to the incapacity of the plaintiff-vendor, Brenda Sanchez. Additionally, the judgment allowed defendants, Norman and Mary Ann Sanchez, to retain mineral royalties rentals received from the time of the sale. Plaintiff filed suit alleging that at the time the sale was executed she was a minor, and thus, lacked the legal capacity to contract. Defendants, based on their contention that plaintiff ratified the sale subsequent to her attaining majority, appeal from that portion of the judgment rescinding the sale. Plaintiff appeals from that portion of the judgment allowing defendants to retain the mineral royalties and agricultural rentals.
On February 15, 1979, the day before her eighteenth birthday, plaintiff and her brother (not a party to this suit) executed an Act of Cash Sale conveying their undivided interest in certain immovable property to defendants for $3000.00. Plaintiff received $1,500.00 of the total sale price for her respective interest in the property. On February 17, 1979, plaintiff was asked to, and did sign, a Royalty Gas Transfer Order allowing defendants to begin receiving royalty payments effective March 1, 1979. Next, on August 27, 1982, plaintiff signed a Division Order showing the division of interest between plaintiff and defendants. There was also evidence presented showing that subsequent to her signing one of the above described orders, plaintiff received and cashed a $13.00 royalty check.
Defendants allege that plaintiff's actions in signing the division orders and cashing the royalty check amount to a ratification on the part of plaintiff thereby precluding her right to rescind the sale. The trial court, in its reasons for judgment, found no such ratification on the part of plaintiff.
LSA C.C. art. 1785[1] provides that minors, with certain limited exceptions, are incapable of contracting, however, their contracts may be rendered valid by either an express or implied ratification. Additionally, a minor can not make void the engagement which he subscribed to in his minority, once he has ratified it in his majority, whether that engagement was null in form or merely subject to restitution. LSA C.C. art. 2228. Both express and implied ratifications are covered in LSA C.C. art. 2272 which provides,
The act of confirmation or ratification of an obligation, against which the law *1011 admits the action of nullity or rescission, is valid only when it contains the substance of that obligation, the mention of the motive of the action of rescission, and the intention of supplying the defect on which that action is founded.
In default of an act of confirmation or ratification, it is sufficient that the obligation be voluntarily executed, subsequently to the period at which the obligation could have been validly confirmed or ratified.
The confirmation, ratification, or voluntary execution in due form, and at the period fixed by law, involves a renunciation of the means and exceptions that might be opposed to the act, without prejudice, however, to the right of persons not parties to it.
We agree with the trial court's determination that the two division orders signed by plaintiff do not suffice as an act of express ratification under LSA C.C. art. 2272. Although the August 27, 1982, order does make reference to the Act of Cash Sale, neither order can be said to contain the substance of the obligation sought to be rescinded. Additionally, neither order mentions the motive of the action of rescission or plaintiff's intention to supply the defect on which that action is founded.
However, it is readily apparent from the trial court's reasons for judgment that it failed to consider whether plaintiff had impliedly ratified the sale subsequent to her attaining majority. It was the trial court's opinion that only an act clothed in the same solemnities as that of the sale (i.e. a notarial act) would suffice to defeat plaintiff's attempted rescission. We disagree. The trial court's reasoning renders ineffective the clear language of the Civil Code allowing implied ratifications by minors upon reaching majority. LSA C.C. art. 1785, LSA C.C. art. 1875, LSA C.C. art. 2228. We must, therefore, determine if under the facts of this case plaintiff impliedly ratified the Act of Sale subsequent to her attaining majority.
For an implied ratification under LSA C.C. art. 2272, it must be shown that plaintiff voluntarily executed the obligation subsequently to the period at which the obligation could have been validly ratified. This court is of the opinion that voluntary execution means performing acts consistent with the principal obligation of such a nature so as to manifest plaintiff's intention to fulfill the obligation. Additionally, "(t)he intention to ratify a notarial act not binding on a party must be clearly and unequivocally shown whether it is validated by a formal instrument or by its voluntary execution; such contention cannot be inferred." James v. James, 393 So.2d 162, 165 (La.App. 1st Cir.1980).
The testimony in reference to the negotiations leading to this sale is contradicted. Plaintiff and her brother inherited their interests in the property from their father. Defendant Norman Sanchez, plaintiff's cousin and godfather, had apparently expressed an interest over the years in wanting to buy plaintiff's and her brother's interests if they ever wanted to sell. Plaintiff denied under oath that she and her brother were going to sell their interests to an oil company for $2,000.00 prior to defendants' offer of $3,000.00. Plaintiff's brother, as well as defendant Norman Sanchez, testified in direct contradiction to plaintiff regarding the deal with the oil company.
The Act of Cash Sale was passed on February 15, 1979, the day before plaintiff's eighteenth birthday. Mr. Sanchez had spoken to plaintiff's mother regarding the sale, and was informed by her that plaintiff was of age and would have to make her own decisions. The Act of Sale contained no reservation of any mineral rights and the land was under lease for plaintiff had previously received some small royalty payments.
Some eleven (11) days after reaching majority, plaintiff was asked to, and did in fact sign, a Royalty Gas Transfer Order acknowledging the sale of her royalty interest to defendants. More than three years later, when plaintiff was twenty-one *1012 years old, she again was asked to and did sign a division order acknowledging the transfer of her interests to defendants. Plaintiff's testimony concerning her intentions in signing these two orders is at best confusing. However, from her testimony we are able to determine that plaintiff signed the orders with full knowledge that the effect would be to allow defendants to receive their royalty payments. Plaintiff alleges that she signed the documents under the belief that to do so would entitle her to past due royalty payments. The trial court noted that it believed plaintiff's assertion, but went on to note that it firmly believed that plaintiff would have willingly executed a formal act of ratification as well. We are of the opinion that plaintiff clearly and unequivocally impliedly ratified the sale after reaching majority.
We are aware of the important policy of this state to protect minors from their imprudent engagements. However, in view of the fact that plaintiff was a matter of hours away from reaching majority at the time of sale, and then, subsequent to coming of age, performed acts consistent with her obligation to transfer her complete interest in the property, we are of the opinion that to rescind this sale would offend justice. Our finding renders moot the question of defendants retention of royalties received from the time of the sale.
Therefore, for the foregoing reasons, that portion of the judgment rescinding the sale is hereby reversed and that portion of the judgment allowing defendants to retain royalties received since the time of the sale is hereby affirmed. Costs are taxed to plaintiff-appellant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Since this action was instituted, Title IV of Book III of the Louisiana Civil Code of 1870, Of Conventional Obligation, consisting of Articles 1761-2291, was revised, amended and reenacted by Acts 1984, No. 331 § 1, effective January 1, 1985. Given that this action arose prior to the effective date of the 1984 amendment, it is controlled by the law as written prior to January 1, 1985. References will, therefore, be to the applicable code articles as they appeared prior to the 1984 amendment.